# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH ROMANO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| CONVERGENT HEALTHCARE ) | **COMPLAINT AND DEMAND FOR** |
| RECOVERIES, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

SARAH ROMANO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONVERGENT HEALTHCARE RECOVERIES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in East Longmeadow, Massachusetts 01028.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a debt collection company with its corporate office located at 124 S. West Adams Street, Suite 210/215, Peoria, Illinois 61602.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a debt of another person.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was contacting Plaintiff in an attempt to collect an alleged consumer debt of another person.

11. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in January 2014, and continuing through April 2014, Defendant continuously and repeatedly contacted Plaintiff on her home telephone in its attempts to collect a debt of another person, specifically a "Warren Mason."

13. Plaintiff is not "Warren Mason."

14. Plaintiff does not know a "Warren Mason."

15. "Warren Mason" cannot be contacted by calling Plaintiff's home telephone.

16. Plaintiff knew it was MCM calling because she has spoken with its collectors, wherein they identified themselves as "Convergent Healthcare Recoveries," and Defendant's telephone number appeared on her caller id.

17. Defendant called Plaintiff on the following dates and times: January 31, 2014, at 10:34 a.m.; February 3, 2014, at 12:15 p.m.; February 4, 2014, at 12:06 p.m.; February 5, 2014, at 11:31 a.m.; February 7, 2014, at 11:34 a.m.; February 8, 2014, at 11:24 a.m.; February 10, 2014, at 11:25 a.m.; February 13, 2014, at 11:58 a.m.; February 17, 2014, at 12:38 p.m.; and February 18, 2014, at

3:07 p.m.

18. On multiple occasions throughout January and February 2014, Plaintiff informed Defendant that it was calling the wrong telephone number, telling them that "Warren Mason" could not be reached at the called number.

19. Also, Plaintiff instructed Defendant to stop calling her.

20. Defendant, however, did not remove Plaintiff's phone number from its call queues or database after being notified that it was calling the wrong person.

21. Rather, Defendant continued to call Plaintiff in its attempts to collect another person's debt.

22. Plaintiff was frustrated, aggravated, annoyed and harassed by the calls, especially after taking the time to notify Defendant that it was calling the wrong person.

23. Defendant was aware that it was contacting Plaintiff for the debt of another, if not before calls commenced, certainly afterwards.

24. As a result, Plaintiff retained counsel to help her stop Defendant's collection calls.

25. On February 19, 2014, the undersigned sent written correspondence to Defendant advising that Plaintiff was represented by counsel and to cease contacting her. See Exhibit A, Correspondence to Defendant.

26. Defendant received the cease and desist letter on February 26, 2014,

at 8:39 a.m.  <u>See</u> Exhibit B, USPS Tracking Confirmation.

27. Again, Defendant did not remove Plaintiff's phone number from its call queues or database after receiving written notification that Plaintiff was represented by counsel and that she wanted them to cease contacting her.

28. Further, Defendant did not contact the undersigned regarding the written cease and desist notification.

29. Instead, Defendant persisted in communicating with Plaintiff in its attempts to collect another person's debt.

30. Defendant contacted Plaintiff on: March 3, 2014, at 1:15 p.m.; March 4, 2014, at 2:49 p.m.; March 7, 2014, at 3:30 p.m.; March 11, 2014, at 1:31 p.m.; March 13, 2014, at 12:15 p.m.; March 24, 2014, at 1:42 p.m.; March 27, 2014, at 1:06 p.m.; March 31, 2014, at 1:46 p.m.; April 3, 2014, at 1:30 p.m.; April 7, 2014, at 3:24 p.m.; and April 10, 2014, at 3:34 p.m.

31. Defendant was aware that the calls were unwanted and that Plaintiff was represented by counsel.

32. Defendant lacked procedures to ensure that the third party calls ceased, as evidenced by the fact that it was informed of on multiple occasions by Plaintiff as well as by her counsel, but continued to call her to collect the debt of another.

33. At the time Defendant was calling Plaintiff in April 2014, she had

just had surgery on her foot, making it difficult for her to answer the telephone.

34. In order to stop Defendant's calls, Plaintiff had to turn off the ringer on her telephone as well as disable her voicemail/turn off her answering machine.

35. As a result, she missed important calls from medical providers as well as friends and family.

36. Finally, on April 11, 2014, Plaintiff had her home telephone service disconnected so that she would not be bothered by Defendant's calls.

## **DEFENDANT VIOLATED** <br> **THE FAIR DEBT COLLECTION PRACTICES ACT**

### **COUNT I**

37. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another

- 6 -

person's debt, despite having been notified that it was calling the wrong person and that Plaintiff did not want to receive its collection calls.

## COUNT II

38. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), and 1692c(c).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

    b. A debt collector violates §1692c(a)(2) of the FDCPA by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge or, or can readily ascertain, such attorney's name and address.

    c. A debt collector violates §1692c(c) of the FDCPA when a consumer notifies it in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector cease further communication with the consumer, and the debt

collector continues to communicate with the consumer.

    d.    Here, Defendant violated §§ 1692c(a)(1), 1692c(a)(2) and 1692c(c) of the FDCPA by calling Plaintiff on her home phone about a debt of another person, which was an inconvenient place for Plaintiff to receive collection calls, and continuing to communicate with Plaintiff after receiving written notification that she was represented by counsel and that she wanted its calls to cease.

## COUNT III

39.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Defendant violated §§ 1692d and 1692d(5) of the FDCPA when

it called Plaintiff multiple times a week, with the intent to annoy, abuse and harass Plaintiff, as Plaintiff had informed Defendant on more than one occasion it was calling the wrong person.

## COUNT IV

40. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop calling Plaintiff, after being informed repeatedly that it was calling the wrong number.

WHEREFORE, Plaintiff, SARAH ROMANO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA

PLAINTIFF'S COMPLAINT

  pursuant to 15 U.S.C. §1692k(a)(2)(A);

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

 d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SARAH ROMANO, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

Date: October 6, 2014   By:  /s/ Craig Thor Kimmel
            CRAIG THOR KIMMEL
            BBO# 662924
            Kimmel & Silverman, P.C.
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            Email: kimmel@creditlaw.com